IN THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS
CIVIL DIVISION, SOUTHERN DISTRICT BRANCH

FILED
1:00 P.M. O'CLOCK

JUL 01 2015

VANESS PETERS
CIRCUIT AND COUNTY CLERK
PRAIRIE CO., SO. DISTRICT

Mary Hopson DC

**DENNIS OWENS,**

    **Plaintiff,**

vs.

Docket: CV-2015-23

**JURY DEMANDED**

**DAVID SPRINGS,
PRABHJOT KAUR
D/B/A CROWN EXPRESS,
CROWN EXPRESS, JASWINDER
BHANGOO, AND TRAVELERS
PROPERTY CASUALTY COMPANY OF
AMERICA,**

    **Defendants.**

## COMPLAINT AT LAW

COMES NOW the Plaintiff, Dennis Owens, by and through his attorneys, Nahon, Saharovich & Trotz, PLC, and files this Complaint against the Defendants, David Springs, Prabhjot Kaur d/b/a Crown Express, Crown Express, Jaswinder Bhangoo and Travelers Property Casualty Company of America and in support thereof state the following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1. Plaintiff, Dennis Owens, is an adult resident citizen of Fouke, Miller County, Arkansas.

2. The Defendant, David Springs, upon information and belief, is an adult resident citizen of Bakersfield, Kern County, California.

3. The Defendant, Prabhjot Kaur d/b/a Crown Express (hereinafter referred to in the Complaint as "Prabhjot Kaur"), upon information and belief, is an adult resident citizen


EXHIBIT A

1

of Bakersfield, Kern County California and additionally does business as Crown Express, which is a trucking company licensed as an interstate motor carrier with the Federal Motor Carrier Safety Administration and additionally has a principal place of operation at 2546 S. Union Avenue, Suite B, Bakersfield, California 93307.

4. The Defendant, Crown Express, upon information and belief, is a privately held company in Bakersfield, Kern County, California which is a trucking company and licensed as an interstate motor carrier the Federal Motor Carrier Safety Administration and additionally has a principal place of operation at 2456 S. Union Avenue, Suite A, Bakersfield, California 93307.

5. The Defendant, Jaswinder Bhangoo, upon information and belief, is a resident of Bakersfield, Kern County, Arkansas.

6. The Defendant, Travelers Property Casualty Company of America, is an insurance company incorporated in Connecticut with a principal place of business in Hartford Connecticut, and regularly conducts business in the State of Arkansas. At the date and time of the collision complained herein, the Plaintiff as an employee of their insured Jackson Pipe and Steel, was provided by this Defendant, among other benefits, uninsured and underinsured motorist coverage under policy number BA9432A28711. This claim is brought against this Defendant under the authority granted in <u>Brinker v. Forrest City School Dist. No. 7</u>, 344 Ark. 171, 40 S.W.3rd 265 (2001). At the time of the filing of this lawsuit, Plaintiff has not been provided with the amount of the limits of the uninsured or underinsured motorist coverage and has not been provided a copy of the policy to attach as an exhibit to this Complaint.

7.  This cause of action arises out of events resulting from a six vehicle collision which occurred in Hazen, Prairie County, Arkansas on July 13, 2012. Jurisdiction, venue and service of process are thus proper with this court.

## FACTS

8.  On or about July 13, 2012, at approximately 05:30 PM, Plaintiff, Dennis Owens, was operating a 2000 Freightliner tractor-trailer bearing Texas license plate number R35625, owned by his employer, Jackson Pipe and Steel, in an eastbound direction on Interstate 40 in Hazen, Prairie County, Arkansas.

8.  At the same time, the Defendant, David Springs, was operating a 2000 Freightliner diesel tractor-trailer, bearing California license plate number VP81203 and vehicle identification number 1FUYSSEB7YLG64353, also in an eastbound direction on Interstate 40 in Hazen, Prairie County, Arkansas. Upon information and belief, the 2000 Freightliner tractor-trailer was solely owned by the Defendant, Prabhjot Kaur.

9.  After Dennis Owens had carefully come to a stop just east of the Hazen exit (Exit 193) for a construction zone. Suddenly and without warning, the rear of Plaintiff's trailer was violently struck by the front of the trailer being negligently and recklessly operated by David Springs. Upon further information and belief, the David Springs had forcefully applied his brakes prior to impact and left approximately 145 feet of skid marks prior to impact. After the tremendous impact, the Plaintiff's trailer was separated from the tractor and continued to be pushed by defendant's tractor-trailer and there were further impacts with four additional vehicles, all of which were also properly stopped in an eastbound direction on I-40 due to the construction zone.

    (d)    Failing to use the degree of care and caution that was required under the circumstances;

    (e)    Failing to operate the vehicle at a safe speed for the circumstances then and there existing;

    (f)    Failing to keep the vehicle under control; and

    (g)    Failing to exercise ordinary care at the time of the collision.

13. Plaintiff charges and alleges that at the time of the collision in question, the following statutes of the State of Arkansas were in full force and effect and were violated by the Defendant, David Springs, to wit:

*Section 27-50-308: Reckless driving.*
*(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.*

*Section 27-51-104. Careless and prohibited driving.*
*(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.*
*(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:*
*(1) Improper or unsafe lane changes on public roadways.*

*Section 27-51-201: Speed Limitations generally.*

*(a)(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. (2) In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with the legal requirement and duty of all persons to use due care.*

14. Plaintiff further charges and alleges that the Defendants, David Springs, Prabhjot Kaur, Crown Express, and Jaswinder Bhangoo are subject to the rules and regulations of the Federal Motor Carrier Safety Administration and reserves the right to amend her Complaint to add any such violations by these Defendants as discovery develops.

5

10. As a direct and proximate result of the violent collision, Dennis Owens sustained severe personal injuries.

11. At all times relevant hereto, the Plaintiff was exercising care and caution for his safety and for the safety of others properly on the aforesaid roadway.

## RESPONDEAT/SUPERIOR

11. Plaintiff charges and alleges that the 2000 Freightliner tractor-trailer operated by the Co-Defendant, David Springs, was solely owned by the Co-Defendant, Prabhjot Kaur. In addition, David Springs was the agent, servant, and/or employee of the Co-Defendants, Prabhjot Kaur, Crown Express and/or Jaswinder Bhangoo and that because the Co-Defendant, David Springs, was on or about the business of the Co-Defendants, Defendant, Prabhjot Kaur, Crown Express and/or Jaswinder Bhangoo, on July 13, 2012, the Co-Defendants, Prabhjot Kaur, Crown Express and/or Jaswinder Bhangoo are vicariously and equally liable for the negligent and tortious acts and/or omissions of David Springs pursuant to the respondeat superior doctrine of tort liability.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

12. Plaintiff charges and alleges that the Defendant, David Springs, is guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

(a)  Failing to maintain a proper lookout ahead;

(b)  Failing to maintain proper control of the vehicle under the existing circumstances;

(c)  Failing to devote full time and attention to the operation of the vehicle;

4

## PROXIMATE CAUSE

15. Plaintiff charges and alleges that one, some or all of the aforesaid acts of common law negligence, and/or violations of the statutes of the State of Arkansas were the direct and proximate cause of the collision at issue and the Plaintiff's injuries and damages, to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

16. Plaintiff, Dennis Owens, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence and/or violations of the statutes of the state of Arkansas by David Springs, that she is entitled to great damages, including but not limited to:

   a. Severe and permanent personal injuries and damages, including but not limited to elbow, shoulder, neck, back, knee and nasal injuries and trauma;

   b. Past and future pain and physical suffering;

   c. Loss of enjoyment of life;

   d. Fright and shock;

   e. Large medical expenses, both past and future;

   f. Permanent impairment to the body as a whole;

   g. Loss of earnings, both past and future;

   g. Past and future mental anguish; and

   h. Out of pocket expenses.

6

## RELIEF

17. WHEREFORE, Plaintiff, Dennis Owens, sues the Defendants, David Springs, Prabhjot Kaur, Crown Express, Jaswinder Bhangoo and Travelers Property Casualty Company of America (to the extent the Defendants' liability coverage is insufficient to fully satisfy a judgment) and seeks a judgment in an amount which will reasonably and sufficiently compensate him for all injuries sustained as a result of the collision, which exceeds the minimum amount for federal diversity jurisdiction.

18. Plaintiff also prays for a trial by jury, the right to recover his costs, interest, the right to amend his complaint to conform to the evidence as it develops, and for all general further and equitable relief that he may be so entitled.

Respectfully submitted,

NAHON SAHAROVICH & TROTZ, PLC

Kevin N. Graham BR #2011-172
Attorney for Plaintiff
488 S. Mendenhall
Memphis, TN 38117
Phone: (901)-462-3331
Facsimile: (901)-746-1567